**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **TRACY HOOTS** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:23cv00433-JDK-KNM** |
| | § | |
| **HENDERSON COUNTY SHERIFF'S** | § | |
| **OFFICE, *et al.*** | § | |
| | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tracy Hoots, proceeding *pro se* and *in forma pauperis*, filed the above-styled lawsuit on August 28, 2023.  The matter is referred to the undersigned for all pretrial proceedings in accordance with 28 U.S.C. § 636.  For the reasons below, the complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

**Background**

In her original complaint, Plaintiff did not identify who she is suing or clearly state her claims.  Plaintiff stated that relief was sought pursuant to 42 U.S.C. § 1983 and that the relief sought was the reinstatement parental rights.  It was not clear from the complaint whether Plaintiff was seeking to, in essence, appeal a family court judgment concerning parental rights or if the suit primarily concerned an arrest and incarceration that allegedly resulted from false accusations and led to CPS involvement.  As a result, the Court entered an Order on August 31, 2023, directing Plaintiff to file an amended complaint addressing the deficiencies in the original pleading.

Plaintiff filed her amended complaint on September 15, 2023.  Plaintiff states that she is suing two employees of the Henderson County Sheriff's Office, Tell Walker and Charlotte Myers.  Presumably, Walker and Myers are deputy sheriffs.  Plaintiff asserts that her son was questioned

at school by Walker on August 22, 2019.  Plaintiff complains that her son was not informed of his *Miranda* rights and that she was not notified about the incident.  Plaintiff additionally asserts that Walker questioned two other women who "made the false CPS call."[1]  Plaintiff submits that she was falsely accused of a crime, arrested, and held at the county jail.  Plaintiff alleges that Myers lied to obtain an arrest warrant and questioned her without providing *Miranda* warnings.  Prior to these events, Plaintiff asserts that Walker illegally entered her yard in May 2019 without a warrant.

### Analysis

Construing the pleadings liberally, Plaintiff is pursuing claims pursuant to 42 U.S.C. § 1983.  Section 1983 states that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party.  Section 1983 suits may be used to sue a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights.  *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410–11 (5th Cir. 1980).  The district courts have original jurisdiction for claims arising under federal law pursuant to 28 U.S.C. § 1331.

Here, any claim Plaintiff may have pursuant to § 1983, based upon the facts asserted, is time-barred.  There is no federal statute of limitations for 42 U.S.C. § 1983 actions.  The relevant statute of the forum state furnishes the limitations period.  *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989).  The statute of limitations in Texas for a § 1983 action is two years.  *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).  The cause of action "begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."  *Id*. at 576 (quotation marks omitted).   Plaintiff alleges facts

---

[1] *See* Amended Complaint, ECF 7, at *4.

concerning events that took place in 2019.  Any events occurring prior to August 28, 2021 are time-barred.  Plaintiff has waited too long to assert these claims.

Plaintiff has not stated a claim upon which relief may be granted.  The complaint should be dismissed with prejudice for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

## **RECOMMENDATION**

It is recommended that the complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b).  The written objections shall not exceed eight pages.  *See* Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Servs. Auto. Assn*., 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 3rd day of October, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE